WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Soto,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Charles Ryan, et al.,<br><br>　　　　　　　Defendants. | No.  CV 14-1323-PHX-SMM (MEA)<br><br>**ORDER TO SHOW CAUSE** |

On June 13, 2014, Plaintiff Angel Soto, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will grant the Application to Proceed and will order Plaintiff to show cause why his Complaint should not be dismissed as barred by the statute of limitations.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $18.60. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL-K

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

JDDL-K

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.    Complaint**

In his two-count Complaint, Plaintiff names the following Defendants: Arizona Department of Corrections ("ADOC") Director Charles Ryan; Sergeant Sweetman at SMU II Browning Unit; CO II Zamora at SMU II Browning Unit; CO II Gutierrez at SMU II Browning Unit; SSU Banghart at Rynning Unit; CO II Ramirez at SMU II Browning Unit; CO II Harris at SMU II Browning Unit; CO II Jones at SMU II Browning Unit; CO II Schell at SMU II Browning Unit; CO II Emore at SMU II Browning Unit; CO II Rodriguez at SMU II Browning Unit; Sergeant Victoria at SMU II Browning Unit; CO II Bope at SMU II Browning Unit; Sergeant Swaney at SMU II Browning Unit; and Sergeant McClellan at SMU II Browning Unit. Plaintiff seeks a declaratory judgment and damages.

In Count One, Plaintiff asserts a claim of excessive force and alleges the following facts: Plaintiff required suicide watch treatment after explaining to staff that he had stopped taking his medications and was experiencing paranoid psychosis. Instead of treating Plaintiff, "Defendant(s) brutally attacked [Plaintiff] and used torture." Defendants assaulted Plaintiff and then hand and leg cuffed him. While Plaintiff was subdued, he was again "violently assaulted, with punches, kicks and excessive pepper spray." The "Defendant(s) got on [Plaintiff's] back and twisted [his] right hand causing (2) broken fingers." Plaintiff's hair was pulled up and held while a sergeant "violently stomped [Plaintiff's] head smashing [his] jaw into the concrete [and] inflicting a laceration that required several stitches." Plaintiff was then placed face down onto a gurney, still leg and hand cuffed, and strapped down. A sergeant climbed on top of Plaintiff, "spread [his] buttocks and inserted pepper spray into [his] rectum." Plaintiff

1  requested medical but "the torture continued."  As a result, Plaintiff alleges that he
2  suffered a debilitating jaw injury, two broken fingers, stitches in his chin which left a
3  scar, limited function in his right hand, emotional trauma, PTSD, and pain from the mace
4  which caused his skin to peel.

5        Plaintiff asserts a threat to safety claim in Count Two and alleges the following
6  facts: "The Director and all Defendant(s) were deliberately indifferent when he failed to
7  train his subordinates by implementing a policy to recognize mental health problems not
8  protective segregation problems."  By this deliberate indifference, Defendant Banghart
9  allowed another inmate to talk to Plaintiff "making him believe the reason [Plaintiff]
10 requested suicide watch was for protection."  Word spread across the prison that Plaintiff
11 was seeking protection and the inmates plotted against Plaintiff, causing him to become
12 paranoid and psychotic and barricading his cell.  The incident caused Plaintiff to be sent
13 to SMU II "where officers knew or should have known [Plaintiff] was suffering from
14 mental illness, but instead brutally assaulted [Plaintiff] by pepper spray, sexually
15 assaulting [Plaintiff], breaking fingers and causing several stitches to [his] jaw."  Plaintiff
16 alleges he was injured by a debilitating jaw injury, two broken fingers, limited functions
17 in his right hand, emotional and psychological trauma, and burned skin from the mace.

18        Plaintiff's Complaint does not state when the alleged events took place.  However,
19 Plaintiff did attach several Inmate Letters and a grievance that he filed and responses that
20 he received indicating that the alleged events took place in April 2010.  For example, in
21 an Inmate Letter dated May 18, 2010, Plaintiff wrote that on April 17, 2010 he was taken
22 to SMU II Browning Unit "where the COs used excessive force on [Plaintiff].  They also
23 tortured [Plaintiff] with mace and sexually assaulted [Plaintiff] [i]n the process."  In an
24 Inmate Letter dated February 19, 2014, Plaintiff wrote that he was attempting to
25 informally resolve an issue relating to an incident in April 2010 when he was taken to the
26 SMU II Browning Unit watch pod where he was beaten and stomped on by COs,
27 Sergeants and SSU staff.  A Memorandum dated April 4, 2014 from E. Bonkowski, a
28 Special Investigator from the Criminal Investigations Bureau, stated that the "date of the

incident claimed by you, which was 4-17-2010, was confirmed referenced [sic] several staff members involved with your incident. The totality of the circumstances was deemed unfounded/insufficient evidence to support your allegation."

## IV.  Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

It appears that Plaintiff is alleging violations of his constitutional rights based on incidents that occurred on or about April 17, 2010. The failure to state a claim includes circumstances where a defense is complete and obvious from the face of the pleadings. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) now codified at 28 U.S.C. § 1915(e)(2)(B)). Further, in the absence of waiver, a court may raise the defense of statute of limitations *sua sponte*. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred under § 1915(e)(2)(B)); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (same); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (same); *Johnson v. Rodriguez*, 943 F.2d 104, 107-108 (1st Cir. 1991) (same).

In § 1983 actions, the Court applies the statute of limitations of the forum state for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266, 274-76 (1985); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years.

*See* A.R.S. § 12-542 (1); *Madden-Tyler v. Maricopa County*, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); *Vaughan*, 927 F.2d at 478. Arizona law also provides for the tolling of the statute of limitation after a cause of action accrues for the period during which a plaintiff was less than 18 years old or of unsound mind. *See* A.R.S. § 12-502.

It appears from the face of Plaintiff's Complaint that his claims accrued more than two years before he filed his Complaint and that they are, therefore, time barred. His Complaint was filed on June 13, 2014. For his claims to be timely, they must have accrued no earlier than June 13, 2012, two years before his Complaint was filed. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998) ("Under federal law, the claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action.") (internal quotations omitted). Plaintiff alleges in Count One that prison officials used excessive force on him, apparently on April 17, 2010. Plaintiff alleges in Count Two that Defendant Banghart allowed another inmate to talk to Plaintiff, causing the other inmate to believe Plaintiff was seeking protective custody, which led to Plaintiff barricading himself in his cell and being sent to SMU II where prison officials allegedly assaulted Plaintiff on April 17, 2010. It appears that Plaintiff had contemporaneous or nearly contemporaneous knowledge of these incidents because on May 18, 2010 Plaintiff filed an Inmate letter regarding the April 17, 2010 alleged assault. Plaintiff's claims for excessive use of force and threat to safety, therefore, accrued no later than May 18, 2010, but Plaintiff did not file suit on such claims until June 13, 2014, more than four years later. Thus, Plaintiff will be ordered to show cause why his claims in Counts One and Two should not be dismissed as time-barred.

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he

intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 14-08, Plaintiff is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 14-08.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $18.60.

(3) Plaintiff must file a written response to this Order within 30 days of the date of this Order in which he shows cause as to why his claims in Counts One and Two should not be dismissed for failure to state a claim.

(4)  If Plaintiff fails to file a written response within 30 days in which he attempts to show cause why his claims in Counts One and Two should not be dismissed for failure to state a claim, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

DATED this 21st day of August, 2014.

*Stephen M. McNamee*
Senior United States District Judge