IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Soto,<br><br>  Plaintiff,<br><br>v.<br><br>Charles L. Ryan, Unknown Sweetman, Unknown Zamora, Unknown Gutierrez, Unknown Ramirez, Unknown Harris, Unknown Banghart, Unknown Jones, Unknown Schell, Unknown Emore, Unknown Rodriguez, Unknown Victoria, Unknown Bope, Unknown Swaney, Unknown McClellan,<br><br>  Defendants. | No. CV 14-01323-PHX-SMM (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. McNAMEE:**

This matter is before the undersigned on referral from the District Judge. Because a magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement," Rule 72(b)(1), Federal Rules of Civil Procedure, the undersigned recommends as follows.

On August 27, 2015, the Court entered an Order to Show Cause (Doc. 66), ordering Plaintiff to show cause why Defendants Rodriguez and Ramirez should not be dismissed for Plaintiff's failure to serve these Defendants within the time specified by the Court in the Order at Doc. 10. Plaintiff responded on September 8, 2015 (Doc. 67), requesting that Defendants "look into their log books from April 2010 from the control where the watchpod the Plaintiff was in, to see if they can identify the names Rodriguez

and Ramirez by their Badge number." (Doc. 67 at 1.) On September 22, 2015, the Court entered an Order (Doc. 71) directing Defendants to respond to Plaintiff's Response at Doc. 67. On September 30, 2015, Defendants filed a Response (Doc. 72), stating that they are unable to identity Defendants "COII Ramirez" and "COII Rodriguez." (Doc. 72 at 1.) Defendants state that:

> Defendants have inquired of the Arizona Department of Corrections ("ADC") regarding officers that might be relevant to the [sic] Soto's claim of assault and rape while he was unconscious on the morning of April 17, 2010, and ADC advises there are no officers matching the names and details contained in Soto's Complaint or the underlying Use of Force ("UOF") event . . . . As indicated in the attached e-mail chain conversation between undersigned's senior legal assistant Scott MacPherson and ADC employee Dolores Wilson . . ., in consultation with Browning Unit Associate Deputy Warden Edward Shuman, there were no officers named Ramirez or Rodriguez on site at the time of the UOF event.

Doc. 72 at 2. The Response indicates that although there were two COII Ramirezes on staff that day, "neither worked overtime on this day or were present" at the UOF event.

**IT IS THEREFORE RECOMMENDED that** Defendants Rodriguez and Ramirez be dismissed for Plaintiff's failure to serve these Defendants within the time specified by the Court in the Order at Doc. 10.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

1   Failure to timely file objections to any factual or legal determinations of the
2  Magistrate Judge will be considered a waiver of a party's right to de novo appellate
3  consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th
4  Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal
5  determinations of the Magistrate Judge will constitute a waiver of a party's right to
6  appellate review of the findings of fact and conclusions of law in an order or judgment
7  entered pursuant to the recommendations of the Magistrate Judge.

8   Dated this 23rd day of October, 2015.

Honorable Deborah M. Fine
United States Magistrate Judge